

# THE ATTORNEY GENERAL
## OF TEXAS

**AUSTIN 11, TEXAS**

JOHN BEN SHEPPERD
ATTORNEY GENERAL

November 1, 1956

Hon. Tom Reavley
Secretary of State
Capitol Station
Austin, Texas

Dear Mr. Reavley:

Opinion No. S-217

Re: Proper treatment in a fran-
chise tax return of an amount
shown as "reserve for vaca-
tion pay" for vacations earned
during the taxable year but
to be taken during the suc-
ceeding year:

You have requested an opinion of this Office as
follows:

"We have a fact situation involving the proper
classification of a certain reserve item. Our tentative
decision to classify the reserve as a part of the surplus or
net worth for franchise tax purposes has been challenged by
the taxpayer.

"The reserve is identified in the liability section
of the balance sheet presented in the corporation's franchise
tax return as 'Reserve for Vacation Pay'. Upon our request-
ing information as to the exact nature of the use to be made
of the amount so set aside, the corporation submitted the
following facts:

"'This amount represents an estimate of the
liability to employees existing December 31 for
vacation pay earned on and prior to such date but
which will not be paid until the following year.
Even though an employee completes his vacation for
one year in December, he may start his vacation
for the following year on January 1. An employee's
right to a vacation beginning on January 1 is es-
tablished by virtue of his having performed services
during the preceding year. Thus, the Company has a
definite liability for vacations at the end of each
year. Since it is the general accounting policy
. . . . to charge against income the expense

attributable thereto, even though the expense
is not paid until the subsequent year, it was
decided that this liability should also be accrued
on the corporate books.  It is not considered
proper accounting to treat such a liability as a
surplus reserve.  As further evidence of this
liability, the Federal Government has allowed . . .
deductions for income tax purposes, on an accrual
basis for all years audited after 1941.'

"With the foregoing facts before you, please
advise this office if an amount designated in the
balance sheet as 'Reserve for Vacation Pay' should
under the franchise tax law, be classified as a
surplus item for franchise tax purposes."

It is immaterial what the Federal Government does
concerning deductions for income tax purposes.  The Secre-
tary of State is not bound by Federal Income Tax Laws in the
administration of the franchise tax laws of this State.
This position is based on an analogous situation concerning
decisions of federal courts construing the income tax
statutes.  In Houston, Belt & Terminal Ry. Co. v. Clark, 122
S.W.2d 356 (Tex.Civ.App., 1938, sustained in 135 Tex. 388,
143 S.W.2d 373, 1940) the Court said:

"Appellant contends that the part of said
opinion relied upon by appellees is pure obiter
dictum; and that the decision is out of harmony
with later decisions of Federal Courts constru-
ing the income tax statutes.  As to such alleged
conflicts we have made no search, because they
are not material.  Such decisions are not binding
on this Court."

The only question to be determined is, does the
"Reserve for Vacation Pay" constitute "surplus" within the
purview of the franchise taxing statute?  A. B. Frank & Co.
v. Latham,  145 Tex. 30, 193 S.W.2d 671, 672 (1946).

Article 7084, Vernon's Civil Statutes, levies a
franchise tax against corporations based upon that proportion
of the outstanding capital stock, surplus and undividedprofits,
plus the amount of outstanding bonds, notes, and debentures,

as the gross receipts from the business done in Texas bear to the total gross receipts of the corporation.

Article 7089, V.C.S., provides that all corporations required to pay a franchise tax shall between January First and March 15th of each year make a report to the Secretary of State, on forms furnished by that officer, showing the condition of such corporation on the last day of the fiscal year. It further requires, among other things, that "Said report shall give the cash value of all gross assets of the corporation." (Emphasis ours.)

In United North & South Development Co. v. Heath, 78 S.W.2d 650 (TexCiv.App. 1935, error ref.), the Court said in defining the surplus account of a corporation:

". . . The surplus account represents the net assets of a corporation in excess of all liabilities including its capital stock."

Article 1.02, Section A (12), of the Business Corporation Act of Texas, states that "surplus" means excess of the net assets of a corporation over its stated capital.

In our opinion, a liability, within the terms of our franchise tax laws is not created by the fact that employees may take their paid vacations in a year subsequent to the year in which the paid vacations were earned. Employee A begins his employment on the first of the corporation's fiscal year and earns a vacation for that year but does not take same during that year. The following year he also earns a paid vacation and takes only one vacation that year in that his second paid vacation is taken the following year. It is thus seen that in no one year does the employee take more than one vacation-- the same amount of paid vacations as he actually earns during that particular year.

In our opinion a "Reserve for Vacation Pay" set-up on the books of a corporation in any one year, to pay employees for that period of time in the future when the employees take their vacation, should be treated as "surplus" for franchise tax purposes.

SUMMARY

A "Reserve for Vacation Pay" set up on the books of a corporation in any one year, to pay the employees for that period of time in the future when the employees take their vacation, should be treated as "surplus" for franchise tax purposes, under Article 7084, V.C.S.

APPROVED:                                Yours very truly,

W. V. GEPPERT                            JOHN BEN SHEPPERD
   Taxation Division                     Attorney General of Texas

MERT STARNES
   Reviewer                          By HENRY GATES STEEN
                                            Assistant
ROBERT E. ANDERSON
   Reviewer

L. W. GRAY
   Special Reviewer

DAVIS GRANT
   First Assistant

JOHN BEN SHEPPERD
   Attorney General